File Name: 08a0675n.06

Filed: November 4, 2008

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 08-5559

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

FREDDIE RAY FREEMAN,

    Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

_____ /

BEFORE:    MARTIN and GILMAN, Circuit Judges, and DOWD, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge. Freddie Ray Freeman appeals his conviction for possession of marijuana, arguing that the "deliberate indifference" jury instruction given at trial was "so confusing and misleading as to create a misstatement of law." We disagree and thus AFFIRM.

I.

On July 12, 2007, Kentucky State Police officers on helicopter patrol spotted a field of marijuana plants on the bank of the Cumberland River near Molus, in Harlan County, Kentucky. The nearest residence was across the river, where appellant Freddie Freeman lived on his family's

---

[*] The Honorable David D. Dowd, Jr., Senior District Judge for the Northern District of Ohio, sitting by designation.

two acre property with his mother, Gathel Kelley, and his brother, Arthur "Ott" Freeman. When approached by investigating officers, Mrs. Kelley gave consent to search the residence and an adjacent outbuilding. During the ensuing search, Kentucky State Police officers found a bag of marijuana seeds and a marijuana "shake" (residue containing leaves, stems, and a stalk) in the outbuilding; in the house, marijuana seeds in the basement, and marijuana leaves and seeds in Freddie Ray Freeman's room. The search of Freddie Freeman's room also yielded six firearms–four shotguns and two rifles.

Upon being questioned, Freddie Freeman denied having any knowledge of the plot across the river and signed a statement to this effect. However, he did admit to a trooper that the marijuana seeds and "shake" in the outbuilding belonged to him, saying they were parts of a plant given to him the previous year. A Drug Enforcement Administration agent interviewed Freddie later that day, and Freddie again denied knowing anything about the plot across the river but again admitted that the marijuana in the outbuilding was his. He did not comment on the marijuana found inside the residence.

Freddie Freeman was subsequently charged with manufacturing 100 or more marijuana plants under 21 U.S.C. § 841(a)(1), possession of marijuana under 21 U.S.C. § 844(a), and possession of a firearm while being a user of an unlawful controlled substance under 18 U.S.C. § 922(g)(3). The United States also sought forfeiture of the six firearms found during the search. At trial, Freddie Freeman's brother, Arthur, testified that all the marijuana found on the Freeman property was his, including that found in Freddie's room. He denied any knowledge of the plot across the river. Arthur explained that he had come forward because he could not allow Freddie to be punished for

crimes he did not commit. Freddie was subsequently acquitted on counts one and three,[1] but convicted on count two, possession of marijuana. This sentence carried with it a Sentencing Guidelines range of 15 days to six months in jail. The district court sentenced Freddie Freeman to six months. He now appeals.

## II.

A court's choice of jury instructions is reviewed for abuse of discretion. *United States v. Ross*, 502 F.3d 521, 528 (6th Cir. 2007). To show that the district court abused its discretion, the defendant must show that "the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *United States v. Harrod*, 168 F.3d 887, 892 (6th Cir. 1999).

## III.

At trial, the district court instructed the jury–over Freeman's objection–that "deliberate ignorance" is constructive knowledge:

> Next, I want to explain something about proving a defendant's knowledge. No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that marijuana was kept at his residence by his brother, Arthur "Ott" Freeman, then you may find that he knew that the marijuana was at his residence. But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that his brother kept marijuana at his residence, and that the defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

Freddie Freeman argues that this instruction suggested to jurors that Arthur Freeman's possession of marijuana was sufficient to render Freddie liable for possession of marijuana. This, he contends,

---

[1] The forfeiture count was dismissed.

made the jury instructions as a whole confusing and misleading, and it was thus an abuse of discretion for the district court to give it. We disagree.

Taken in isolation, the district court's instruction as to deliberate ignorance may have the potential to mislead jurors as to the standard of proof required to convict for possession. However, we review jury instructions as a whole, and reverse only if they fail to give the jury a sound basis in law or otherwise fail to inform the jury of the considerations relevant to its decision. *United States v. Rose*, 522 F.3d 710, 719 (6th Cir. 2008); *cf. United States v. Clark*, 988 F.2d 1459, 1468 (6th Cir. 1993) ("A reviewing court may reverse a judgment only if the instructions, viewed as a whole, were confusing, misleading and prejudicial."). And we assume that if jurors are instructed properly they will understand the instructions and act in accordance with them. *United States v. Zalman*, 870 F.2d 1047, 1053 (6th Cir. 1989) ("An appellate court presumes that jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them.") (*quoting Francis v. Franklin*, 471 U.S. 307, 324 n. 9 (1985)).

The instruction at issue here was based upon Sixth Circuit Pattern Jury Instruction 2.09, which has been widely upheld. *See e.g., United States v. Beaty*, 245 F.3d 617, 622 (6th Cir. 2001); *United States v. Lee*, 991 F.2d 343, 351 (6th Cir. 1993). The instruction itself is explicitly limited to proving knowledge, and it was given in the context of a proper instruction on the crime of possession. In this context, we cannot say the jury instructions as a whole were so confusing as to

warrant reversal.  Thus, the district court did not abuse its discretion in giving the "deliberate

indifference" instruction.[2]

IV.

For the foregoing reasons, we AFFIRM.

---

[2] Even if the jury instructions were so confusing as to warrant reversal, this disposition would not be proper.  It is settled in this circuit that "[w]here an error is not of constitutional dimension, it is harmless unless it is more probable than not that the error materially affected the verdict." *United States v. Clark*, 385 F.3d 609 (6th Cir. 2004); *United States v. Neuroth*, 809 F.2d 339, 342 (6th Cir. 1987) (en banc).  Here, Freddie Freeman twice told law enforcement officers that the marijuana in the outbuilding was his.  *See* J.A. at 72, 81, 86, 98, 102.  These admissions establish a strong independent basis for the jury's verdict on the possession charge and cast doubt on the proposition that any confusion the instructions may have created was material to the guilty verdict.